IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKLIN M. BERESFORD,** | : CIVIL ACTION NO. 1:20-CV-525 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN CLAIR DOLL,** | : |
| Respondent | : |

## MEMORANDUM

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention by the Department of Homeland Security, Immigration and Customs Enforcement. (Doc. 1.) Respondent initially filed an answer arguing that petitioner had received all process due to him. (Doc. 6.) Petitioner requested an extension of time to file a traverse, which the court granted. (Docs. 7, 8.) Shortly after petitioner filed his traverse, petitioner was removed from the United States. Respondent has since filed a suggestion of mootness. (Doc. 10.)

In light of the action recently taken by immigration officials in removing petitioner from the United States, this case is now moot and must be dismissed. According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions, mootness questions frequently turn on straightforward factual issues. Thus,

> a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005) (internal citations omitted).

The mootness doctrine applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, the deportation or removal of an alien renders an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006). As the United States Court of Appeals for the Third Circuit stated in Lindaastuty when confronted with the same situation, "because [the petitioner] has already been deported and is, therefore, no longer in custody, the challenge to her detention is moot and the habeas petition must be dismissed." Id. at 298.

Although the Lindaastuty decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996). The court agrees with the reasoning in Lindaastuty and concludes that since petitioner has been removed "and is, therefore, no longer in custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed." Lindaastuty, 186 F. App'x at 298.

2

For the reasons set forth above, the petition will be dismissed as moot. An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 20, 2021